**NATIONAL LABOR RELATIONS BOARD
v. EFCO MFG., Inc.**

No. 4715.

United States Court of Appeals
First Circuit.
April 22, 1953.

Arnold Ordman, Washington, D. C., Attorney (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Nancy M. Sherman, Washington, D. C., Attorney, on brief), for petitioner.

Milton G. Johnson, Providence, R. I., for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

The National Labor Relations Board's order of July 31, 1952, for which enforcement is sought, directs respondent Efco Manufacturing, Inc., upon request to bargain collectively with United Steelworkers of America, CIO, as the exclusive representative of all of respondent's production and maintenance employees at its plant in East Greenwich, Rhode Island.

Respondent does not challenge (1) that the Board had jurisdiction, (2) that the designated unit is appropriate, (3) that United Steelworkers was chosen by a majority of respondent's employees as their bargaining representative at an election, fairly conducted, on December 27, 1951, pursuant to the Board's direction of election to resolve a question of representation presented by United Steelworkers' petition for certification, (4) that the Board certified United Steelworkers as such bargaining representative on January 5, 1952, nor (5) that subsequently respondent refused to bargain with such certified representative, which was found as a fact by the Board.

United Steelworkers' aforesaid petition was filed on June 25, 1951, at which time there was a subsisting collective bar-

gaining agreement between respondent and Efco Workers Union, an unaffiliated organization, which contract had over seven months to run. The Board has followed a general administrative policy of not entertaining a petition for certification while the employees concerned are covered by a collective bargaining agreement which is not approaching expiration. The objective is to encourage a reasonable stability in existing bargaining relationships. This policy is, however, a matter largely within the discretion of the Board; and administratively its "contract-bar" rule is not without exceptions. Cf. N.L.R.B. v. Grace Co., 8 Cir., 1950, 184 F.2d 126, 129. When United Steelworkers' petition for certification was filed on June 25, 1951, the situation appears to have been that there had been dissatisfaction with the results obtained by the bargaining committee for Efco Workers Union, and the members of that union, at a meeting called for the purpose, had unanimously voted to affiliate with United Steelworkers of America. Under the circumstances, we cannot say that it was an abuse of discretion on the Board's part not to have dismissed the petition at the outset, but rather to have noticed the petition for hearing, in order that it might weigh the factors presented in the particular situation with a view to determining whether an election for a new bargaining representative should be ordered, notwithstanding the existence of the contract with Efco Workers Union.

After the hearing there was several months' delay before the Board announced its decision in the representation proceeding. Some of this delay was attributable to respondent, and it is not clear to us that the Board took an unreasonable time to decide the case after it had been finally submitted. But even if the Board were subject to criticism in this respect, we fail to see how that, in itself, could be a ground for challenge of the Board's ultimate decision. By the time the Board issued its direction of election, on December 4, 1951, the contract with the more or less defunct Efco Workers Union was within a few weeks of its expiration date; and admittedly *at that time* the contract-bar rule, as it had been formulated by the Board, did not stand in the way of giving the employees a new opportunity to select a different bargaining representative. Hence the Board found it unnecessary to determine whether, if it had reached its decision several months earlier, it would under the particular circumstances presented have applied its contract-bar rule to deny a petition for election for the choice of a new bargaining representative. We agree with the Board that that question had become moot with the lapse of time.

There is no doubt that the Board's order should be enforced.

A decree will be entered enforcing the order of the Board.