NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

EFCO MANUFACTURING, Inc.,
Respondent.

No. 5018.

United States Court of Appeals
First Circuit.

Dec. 13, 1955.

Sidney A. Coven, Field Attorney, Boston, Mass., with whom Theophil C. Kammholz, General Counsel, David P. Findling, Associate General Counsel, Marcel Mallet-Prevost, Asst. General Counsel, and Arnold Ordman and Nancy M. Sherman, Attorneys, Washington, D. C., were on brief, for petitioner.

Milton G. Johnson, Providence, R. I., for respondent.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

HARTIGAN, Circuit Judge.

This is a petition by the National Labor Relations Board pursuant to Section 10(e) of the National Labor Relations Act, as amended, 61 Stat. 136, 29 U.S.

C.A. § 141 et seq., for enforcement of its order and supplemental order against respondent, Efco Manufacturing, Inc., East Greenwich, Rhode Island.

A previous order of the Board issued July 31, 1952, directing respondent to cease and desist from its refusal to bargain with the certified union, United Steelworkers of America, CIO, was enforced by this court on April 22, 1953. National Labor Relations Board v. Efco Mfg., Inc., 1 Cir., 1953, 203 F.2d 458.

Respondent does not argue the propriety of the order issued on April 15, 1954, based in part upon findings that " * * * the strikers, being unfair labor practice strikers, were entitled to immediate reinstatement upon application * * * " except as such order relates to Charles W. Arnold directing his reinstatement with back pay.

Neither does the respondent argue the propriety of the supplemental order issued on March 21, 1955, except as such order relates to Charles W. Arnold and James Cummiskey, directing that they be paid $1995.59 and $1473.58 in back pay respectively.

With respect to Arnold the respondent contends that " * * * his illegal conduct during the strike should disqualify him from consideration for back pay but in any event the evidence fails to support the conclusion that during the critical period he earned less than if he had been working for respondent * * *."

As to Cummiskey, respondent contends that he " * * * is entitled to no back pay because he voluntarily removed himself from the labor market and under established principles of law thus disqualified himself from consideration."

■ It is established that the strike in which Arnold, Cummiskey, and others were engaged was a strike resulting from the unfair labor practices of the respondent. Under these circumstances where the activities of the striking employees are such as to be protected by § 7 of the Act, the general rule is that employees are entitled to reinstatement with back pay even if permanent replacements must be discharged. National Labor Relations Board v. Remington Rand, Inc., 2 Cir., 1942, 130 F.2d 919, 927.

Respondent seems to contend that Arnold, by his conduct, put himself beyond the protection afforded by § 7 of the Act. It bases its contention upon three incidents which allegedly occurred during the strike: (1) on the picket line Arnold insulted a non-striker by using coarse and vulgar language; (2) he laughed when a striker in whose car he was a passenger cut too sharply in front of the car of the plant manager, causing the latter to swerve sharply to avoid a collision; (3) he threatened the plant manager with a beating.

■ Perhaps the Board in the exercise of its discretion could have concluded that these incidents were serious enough to warrant denial of reinstatement. But we do not think that any one or all of them, if they occurred, require denial of reinstatement by the Board as a matter of law. Without pausing to consider the first two incidents, we turn briefly to the more serious charge that Arnold threatened the plant manager with a beating. The trial examiner took a somewhat less drastic view of this incident. He found, and the record amply supports his finding, that Arnold's conduct was properly to be characterized as "impolite". On the basis of this finding we have no such case as where an employee puts his employer in direct fear of an imminent beating. We have only a display of insolence and we agree with the Board that despite this Arnold was engaged in activities protected by the Act. Kansas Milling Co. v. National Labor Relations Board, 10 Cir., 1950, 185 F.2d 413.

With respect to the supplemental order fixing the amounts of back pay due Arnold and Cummiskey we find that there is substantial evidence on the record considered as a whole supporting the amounts of these awards.

A decree will be entered enforcing the order and supplemental order of the Board.